IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2016 OCT 27  P 1:34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DEBRA TATE, )
)
    Plaintiff, )
) CASE NO. 2:16-cv-849-WHA
v. )
) JURY TRIAL REQUESTED
ASERACARE, INC., )
)
    Defendant. )

## COMPLAINT

**COMES NOW** the Plaintiff, Debra Tate, *pro se*, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.    Plaintiff Debra Tate files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981(a), 42 U.S.C. § 1201, et seq., and the Americans with Disabilities Act ("ADA")(Pub. L. No. 101-336), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.    Plaintiff Tate filed a charge of disability discrimination with the EEOC in Birmingham on December 1, 2015. Plaintiff received a right-to-sue on August 1, 2016, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

1

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Autauga County, Alabama, where the business of AseraCare, Inc. and the Plaintiff were located when the Plaintiff was last employed by the Defendant AseraCare, Inc.

## II. PARTIES

4. The named Plaintiff, Debra Tate (hereinafter "Plaintiff" or "Ms. Tate"), is a citizen of the United States and of the State of Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, AseraCare, Inc. (hereinafter "Defendant" or "AseraCare"), is a subsidiary of GGNSC Administrative Services, and has a place of business in Prattville, Alabama. At all times relevant to this Complaint, Ms. Tate was employed by Defendant AseraCare.

## III. STATEMENT OF FACTS

6. Ms. Tate began working for AseraCare on approximately August 19, 2013 as a social worker at AseraCare.

7. Immediately after Ms. Tate began working at AseraCare, she became subject to substantial harassment on the job by Ms. Sheila Kindle, Director of Clinical Services and Tate's immediate supervisor, and Ms. Kimberly Beasley, AseraCare Regional Director. Nonetheless, Ms. Tate continued to perform all the necessary duties and functions of her job.

8. While she was working at AseraCare, Ms. Tate developed the medical condition and disability of anxiety and depression, as she attempted to cope with demoralizing circumstances, both at home and at work.

9. After developing anxiety and depression, Ms. Tate avers that AseraCare started discriminating against her, due to her disability, despite Ms. Tate's performing well all the necessary duties of her job.

10. As such, AseraCare subjected Ms. Tate to extremely demeaning, belittling, and unjustified harassment in an effort to force Ms. Tate to voluntarily resign her position. This harassment contributed to and caused Ms. Tate's anxiety and depression.

11. Specifically, Ms. Tate was given a case load of approximately 75 patient files, when the typical case load for a social worker is approximately 25 to 35 case files.

12. On or about August 2015, Ms. Tate avers that AseraCare unjustifiably issued an employee memorandum to Ms. Tate stating that Ms. Tate "failed to perform assigned duties in an appropriate manner at assigned times" because it claimed Tate was late in entering some of her evaluations for 75 clients on a daily basis.

13. In the same employee memorandum, Ms. Tate was disciplined for providing a patient's spouse with her cell phone number, even though Ms. Tate's cell phone number was listed on her AseraCare business card provided to the patients and/or patients' caretakers. Ms. Tate avers that no other case workers received this same scrutiny.

14. On or about late September 2015 to early October 2015, AseraCare issued another employee memorandum to Ms. Tate for "unprotected willful and flagrant violation of electronic technology use policy." Ms. Tate avers, however, that other AseraCare social workers and employees frequently violated this policy, which was

3

known to the AseraCare, but AseraCare never issued an employee memorandum to other employees.

15.     Ms. Tate avers that the increased scrutiny of her job performance and the increased patient files were placed by AseraCare upon Ms. Tate, in an attempt by AseraCare and its agents to force Ms. Tate to voluntarily resign her position. In the alternative, Ms. Tate avers that the unjustified employee memorandums were a pretext to terminate her, due to her experiencing the disability of anxiety and depression.

16.     Ms. Tate avers that AseraCare threatened to take her hours away if she did not accept the Volunteer Coordinator Position. Tate did not accept this position, and, as a result, her hours were reduced from approximately 32 hours weekly to 24 hours weekly.

17.     AseraCare terminated Ms. Tate on or about October 5, 2015, in what Ms. Tate avers is a reaction to her anxiety and depression, and therefore a violation of The Americans with Disabilities Act.

18.     Ms. Tate avers that this illegal termination has cost her valuable income, and has caused her to incur substantial mental anguish and the cost of an attorney fee to pursue this claim.

## IV. PLAINTIFF'S CAUSE OF ACTION

### DISABILITY DISCRIMINATION

19.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18 above, the same as if more fully set forth herein and further avers that the Defendant failed to accommodate Plaintiff's disability by willfully, and/or maliciously,

4

denying Plaintiff a reasonable accommodation, due to Plaintiff's physical handicap, as above described.

20. Plaintiff also avers that Defendant's discrimination against her, due to her disability, or an incorrect perception by Defendant of a disability on the part of Plaintiff, violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibiting handicap discrimination.

21. Plaintiff has lost wages and benefits, and suffered extreme mental anguish as a result of Defendant's discrimination against her, due to Plaintiff's disability and/or Defendant's incorrect perception of a disability on the part of the Plaintiff.

22. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to her disability, or the incorrect perception by the Defendant that Plaintiff was disabled;

b) An award of all lost pay benefits and other rights, to which Plaintiff would have been entitled, had Plaintiff not been the victim of disability discrimination, effective the date of final judgment with back pay for the period that Plaintiff was out of work, and not receiving income;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d)  An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e)  An award of punitive damages; and

f)  Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 27 day of October, 2016.

Debra Tate, Plaintiff

*Debra S. Tate*
Debra Tate, *pro se*
44 Nixon Nook
Wetumpka, Alabama 36092
H: (334) 419-1487   C: (334) 419-4562
**Email:** Vc1013@hotmail.com

## **JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

*Debra S. Tate*
Debra Tate, *pro se*